JERRY HERNANDEZ
ATTORNEY AT LAW
BAR #13021
115 W. HU-ESTA DR.
TEMPE, AZ  85282
(480) 231-3053

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>GIOVANNI ALVAREZ-SANCHEZ,<br><br>    Defendant. | CR 07-00231-003-PHX-NVW<br>(Assigned to the Honorable<br>Neil V. Wake)<br><br>**DEFENDANT'S OBJECTION TO PRE-SENTENCE REPORT** |

Comes now the defendant, Giovanni Alvarez-Sanchez, and respectfully lodges the following objections to the pre-sentence report. These objections are supported by the following memorandum of points and authorities.

MEMORANDUM OF POINTS AND AUTHORITIES

I. Synopsis

The defendant objects to the base offense level indicated in

paragraph 21 of the pre-sentence report.  The defendant believes the appropriate base offense level is 28, not 30.

Defendant also objects to the application of U.S.S.G. §2D1.1(b).  This special offense characteristic adds two levels to the base offense level by virtue of the two pistols found in the house where the marijuana was unloaded.

Finally, the defendant objects to not receiving a reduction for minimal role pursuant to U.S.S.G. §3B1.2.  Paragraph 25, pre-sentence report.

II.     The Base Offense Level

Possession of marijuana between 400 kg and 700 kg is ascribed a base offense level of 28.  U.S.S.G. §2D1.1.  At least 700 kg but less than 1,000 kg is ascribed a base offense level of 30.  U.S.S.G. §2D1.1.

The defendant takes the position that the appropriate base offense level is 28.

The pre-sentence report acknowledges that the enumerated weight

of the marijuana seized is only "approximate". Draft PSR, paragraphs 3, 4, and 10. That approximate weight is 707.6 kilograms. The departmental reports themselves refer to the weight as approximate.

In a DEA report dated February 15, 2007, different weights of the marijuana are listed. In this official report, the marijuana is first listed at 1,300 pounds (590 kg's). A second reference within this report lists said marijuana at 1,350 pounds (613 kg's).

Nowhere does it appear that the marijuana was actually weighed. As noted, all weight proclamations are simply estimates. The only information given is that 69 bales of marijuana were recovered. Each of these bales was wrapped in cellophane and packing tape.

69 bales is a lot of packing tape and cellophane. This may well explain the discrepancy in the departmental reports between the level 28 figures and the level 30 figure.

The defendant pleaded to the court to seek a role reduction, which the tendered plea would have precluded. The tendered plea agreement contained a stipulation that the quantity of marijuana in this offense was

between 400 an 700 kilograms.

There is obviously a legitimate dispute as to the weight of the marijuana.  Given the factors alluded to by Mr. Alvarez-Sanchez, a base level of 28 seems more appropriate.

III.  §2D1.1(b):  The Gun Application

The defendant denies possessing a weapon in conjunction with this offense.  He was not arrested with a weapon.  The only evidence of his possessing a weapon comes from co-defendant Avilez-Acosta.  Draft PSR, paragraph 12.

The fact that Mr. Alvarez-Sanchez was not arrested with a gun makes this a constructive possession case.  The defendant takes the position that opposing statements between co-defendant's do not satisfy a preponderance of the evidence standard.  U.S. v. Highsmith, 268 F.3d 1141 (9th Cir. 2001).

IV.  §3B1.2:  Role Reduction

Role adjustments are governed by U.S.S.G. §3B1.2.  The relevant comparison is determining which, if any, of the §3B1.2 adjustments to grant

a given defendant is the conduct of the co-participants in the case at hand. U.S. v. Cantrell, 433 F.3d 1269, 1283 (9th Cir. 2006); U.S. v. Petti, 973 F.2d 1441, 1447 (9th Cir. 1992).

In this case, the defendant's only role was to unload the marijuana. He did not participate in the negotiations or the transfer of any cash.

The Government acknowledges that Mr. Alvarez-Sanchez was less involved in the conspiracy than Heriberto Avilez-Avilez. Draft PSR, page 5, paragraph 14. This alone would seem to qualify him for a role reduction. The issue is how much of a reduction is appropriate.

The known conspiracy in this case extended from February 7, 2007, to February 13, 2007. In that timeframe there were innumerable phone calls between the principals discussing the logistics of price and delivery.

An unnamed juvenile in the DEA reports was one of the main participants. He coordinated the logistics of delivery with task force agents. Upon questioning he acknowledged that the drugs were from his uncle in Mexico.

Defendant Alvarez-Sanchez was arrested on the last day of a six day (at least) conspiracy. Indeed, he was only involved for the time it took to arrive at the house and unload a few bales. This surely satisfies the tests set forth in application notes 3(A) and 4.

Defendant asks this court for a three level downward departure pursuant to §3B1.2. If this scenario does not present the facts for said departure it would be difficult to imagine a scenario where that departure would apply.

Respectfully submitted July 31, 2007

s/   JERRY HERNANDEZ

JERRY HERNANDEZ
115 W. Hu-Esta Dr.
Tempe, Arizona 85282
BAR #13021

1  I hereby certify that on July 31, 2007,
2  I electronically transmitted the attached document to the Clerk's Office using the
3  CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following
4  CM/ECT registrants:
5
6  Tim Duax
7  Assistant United States Attorney
8
9  Copy Mailed to:
10 Giovanni Alvarez-Sanchez
   Defendant
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28