JERRY HERNANDEZ
ATTORNEY AT LAW
BAR #13021
115 W. HU-ESTA DR.
TEMPE, AZ  85282
(480) 231-3053
BAR #13021
jmhtriallawyer@msn.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 07-00231-003-PHX-NVW |
| Plaintiff, ) | (Assigned to the Honorable Neil V. Wake) |
| vs. ) | |
| ) | **DEFENDANT'S PRE-SENTENCE** |
| GIOVANNI ALVAREZ-SANCHEZ, ) | **MEMORANDUM** |
| Defendant. ) | |

Comes now the defendant, Giovanni Alvarez-Sanchez, and respectively presents the following pre-sentence memorandum.

## MEMORANDUM OF POINTS AND AUTHORITIES

In the aftermath of U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, sentencing in District Court is now governed by 18 U.S.C. §3553 (a).  U.S. v. Menyweather, 431 f.3d 692 (9th Cir. 2005).  In essence, the District Court must now consider the offense and the

offender, and whether any sentence imposed provides for just punishment, adequate deterrence, and public protection.  18 U.S.C. §3553 (a).

The standard of review is now whether a given sentence is "reasonable" within the context of §3553 (a).  Booker, 125 S.Ct. at 765-66.  In this case a rigid application of the guidelines would not further the policy objectives of 18 U.S.C. §3553 (a), and would be unreasonable.

The court can sentence the defendant to a sentence below the guideline range and still achieve deterrence.  First, this is the defendant's first exposure to prison.  The court should give the defendant the benefit of presuming that an 18-24 month sentence will have the same deterrence impact as a guideline sentence.

Second, if the defendant returns illegally to this country he will be an aggravated felon pursuant to the illegal re-entry after deportation guidelines.  U.S.S.G. §2L1.2 (b)(1) (A).  After all the departures for that offense are included, defendant would have a base level of 17.  That is a minimum of two years.  That's deterrence.

A sentence below the guideline range would constitute just punishment; the defendant is only 23 years old.  Aside from a DUI, he has no criminal history.  When the court considers Mr. Alvarez-Sanchez's very limited participation in this offense in

conjunction with his limited criminal history a guideline sentence could appear excessive.

Mr. Alvarez-Sanchez should give the court confidence that he is not a danger to the public.  He is a non-violent first offender.  His sentence and subsequent deportation are adequate events to ensure public protection.

The defendant asks this court to impose a sentence between 18-24 months.

Respectfully submitted:  September 6, 2007

s/    JERRY HERNANDEZ
_____

JERRY HERNANDEZ
115 W. Hu-Esta Dr.
Tempe, Arizona 85282
BAR #13021

I hereby certify that on September 6, 2007
I electronically transmitted the attached
document to the Clerk's Office using the
CM/ECF system for filing and transmittal
of a Notice of Electronic Filing to the following
CM/ECT registrants:

Tim Duax
Assistant United States Attorney

1

2   Copy Mailed to:

3   Giovanni Alvarez-Sanchez
    Defendant
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28